# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| GREG ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 1:15-cv-031-NT |
| | ) | |
| GINA TURCOTTE, also known as GinA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

Plaintiff Gina Turcotte, "now known only as GinA," seeks to remove from state court a forcible entry and detainer (FED) action. In her Notice of Removal, Plaintiff represents that she was wrongly evicted from her property. In support of her attempt to remove the matter to this Court, Plaintiff asserts that none of the judges in the state court system had jurisdiction to preside over the FED action because the premises in which she lived were to be sold to the State of Maine and demolished to permit the construction of a parking facility adjacent to the Capital Judicial Center in Augusta.

On January 21, 2015, the Court granted Plaintiff's petition for leave to proceed *in forma pauperis*. As explained below, after a review of the Notice of Removal and the state court pleadings, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the matter.

## BACKGROUND

On August 15, 2014, Plaintiff's former landlord, Greg Roy, filed the FED action against Plaintiff in the Maine District Court.[1] After a hearing on August 20, the District Court entered judgment in favor of Mr. Roy. The following day, Plaintiff filed a notice of appeal. On August 26, 2014, Plaintiff requested that the court stay the issuance of the writ of possession pending the appeal. (ECF No. 1-9). The Maine Superior Court subsequently dismissed the appeal, denied the motion for stay, and determined that a writ of possession could issue. (ECF No. 1-25.)

Pursuant to Rule 59 of the Maine Rules of Civil Procedure, Plaintiff petitioned the Maine District Court for a new trial. (ECF No. 1-29.) She also filed one or more additional appeals. (ECF Nos. 1-27, 1-29.) The state court dismissed the appeals and denied the motion for new trial on September 18, 2014. (ECF Nos. 1-30, 1-31.) The Maine District Court issued a writ of possession on September 19, 2014. (ECF No. 1-39.) On September 25, 2014, the District Court issued an amended writ to correct a clerical error. (*Id.*)

Plaintiff filed an appeal to the Maine Supreme Judicial Court on September 22, 2014. (ECF No. 1-32.) Plaintiff also filed a motion for recusal, asserting that "all Maine judges and justices have deep personal bias and prejudice in favor of Plaintiff obtaining a writ of possession" because "the Maine Judicial Branch, its judges and court employees in Augusta will occupy a parking lot on Court Street which is planned to be built on the land of the subject property demonstrating to a reasonable

---

[1] The date of the filing is reflected on the docket sheet, which is included within the state court record. (ECF No. 1-6.)

person that there is grave doubt as to the impartiality of the judges and court employees in this case." (ECF No. 1-36, at 1:26-27, 3:23-26.)

The Maine Supreme Judicial Court concluded that the matter was moot due to the District Court's issuance of the writ of possession, and the Court dismissed Plaintiff's appeal on October 9, 2014. (ECF No. 1-40.)

## DISCUSSION

Plaintiff asks the Court to exercise removal jurisdiction over the FED action. Plaintiff alleges that the exercise of jurisdiction by this Court is proper because, *inter alia*, "[e]very judge in Maine has a direct personal pecuniary interest in this case" and "all judgments in favor of Plaintiff directly benefit the Maine Judicial Branch, its judges, officers and employees." Affidavit of Special Circumstances ¶¶ 27, 29 (ECF No. 1-3). Plaintiff further states that the Augusta District Court issued a writ of possession to Mr. Roy following proceedings held before it; that she "vacated the property *vis compulsiva* on September 26, 2014"; and that she "has exhausted all remedies in the Maine state court system." *Id.* ¶¶ 39, 41, 42.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-

3

bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

Plaintiff contends that removal is based on the existence of a claim or right arising under the United States Constitution or federal law. Removal jurisdiction, however, is determined by reference to the underlying complaint rather than by reference to Plaintiff's allegations in support of her defense to the state court proceedings. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). A review of the underlying FED complaint does not suggest any basis for federal court jurisdiction.

Furthermore, and perhaps most importantly, the matter that Plaintiff seeks to remove was resolved finally in the state court. This Court does not have jurisdiction to review the state court FED proceeding[2] or to conduct collateral proceedings that would serve to set aside a judgment of a state court. "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)); *Walczak v. Mass. State Retirement Bd.,* 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)). Plaintiff's

---

[2] "28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" *Silva v. Massachusetts*, 351 Fed. App'x 450, 454 (1st Cir. 2009) (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam)).

attempt to seek review of the FED action in this Court is precluded by the *Rooker-Feldman* doctrine. The Court thus lacks jurisdiction to consider this matter.

In this circumstance, the Court has conducted an independent review to determine whether it may exercise jurisdiction over the subject matter raised in Plaintiff's Notice of Removal. Because the Court concludes that there is no basis upon which it may exercise jurisdiction over the underlying FED matter, the Notice of Removal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Because the Court lacks subject matter jurisdiction, the Court **DISMISSES** the matter.[3]

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 29th day of January, 2015.

---

[3] In a removal action, when the Court determines that it lacks subject matter jurisdiction, the Court would ordinarily remand the case to the state court. However, because the record reflects that the state court matter was finally resolved by the Maine Supreme Judicial Court, and because Plaintiff's "Notice of Removal" was in essence an attempt seek this Court's review of the state court proceedings, the Court can discern no reason to remand the matter to the state court for further proceedings.